UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE FULTZ,

    Plaintiff,

v.

JEFF PEARCY *et al.*,

    Defendants.

CAUSE NO. 3:20-CV-259 DRL-MGG

OPINION AND ORDER

Michael Lee Fultz, a prisoner without a lawyer incarcerated at the Westville Correctional Facility, filed a complaint against twelve separate defendants alleging that he was denied adequate dental care. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

On April 24, 2018, Mr. Fultz broke his right front tooth. He sought care by completing a request for health care form the same day. He received no response, so on May 1, 2018 he filed a second request for healthcare. On May 8, 2018, Mr. Fultz still had not received a response to either request for healthcare, so he filed a formal grievance. The next day he received a response to his first request for healthcare indicating only that

he would be added to the list of inmates that need to see the dentist. On May 11, 2018, Grievance Specialist Mr. Cambe responded to Mr. Fultz's grievance by indicating that he had been scheduled to see the dentist and his grievance was resolved. Because Mr. Fultz believed he had been scheduled to see the dentist, he did not pursue this grievance further.

Mr. Fultz's pain continued to worsen; and, on May 21, 2018, he filed a third request for healthcare indicating that he was in severe pain, that his tooth was throbbing, and that he was suffering from headaches. On June 4, 2018, having still received no response to his third request for healthcare, he filed a fourth request for health care. In this request, he indicated that he was in extreme pain and could not sleep at night. He received no response, and on June 18, 2018, he filed a fifth request for health care indicated that he had not received responses to his earlier requests. He again received no response.

On June 24, 2018, Mr. Fultz filed his second formal grievance. He indicated that it had been 61 days since he broke his tooth, that his situation should have been addressed as an emergency, and that he had made them aware of his continued and increasing suffering. On June 27, 2018, the grievance was returned by Mr. Cambe because the issue had been addressed by the previous grievance. Mr. Fultz appealed this decision, noting that he had been suffering for 64 days without seeing a dentist.

Mr. Fultz also filed an informal grievance against Mr. Cambe for how he addressed the second grievance. On June 28, 2018, Mr. Cambe returned Mr. Fultz's grievance and indicated that it was too late to appeal. Mr. Cambe did not otherwise address Mr. Fultz's informal grievance. Also, on June 28, 2018, Mr. Fultz filed another request for healthcare

2

indicating that it was his sixth request, that he had been suffering since April 24, 2018, and that he had only received one response on May 3, 2018. On June 29, 2018, an unknown individual responded by indicating that Mr. Fultz was on the list to see the dentist.

On July 4, 2018, Mr. Fultz filed two more grievances against Mr. Cambe for his handling of his earlier grievances and attempts to appeal. On July 5, 2018, Mr. Fultz received a response to his sixth request for healthcare from an unknown individual – it too indicated that he was already on the list to see a dentist.

On July 10, 2018, Administrative Assistant Mr. Leonard returned Mr. Fultz's third grievance because he did not first attempt to resolve the matter informally.

On July 12, 2018, he talked to Unit Team Manager Salyer and Captain Smiley. They said they would find out why it was taking so long and ask Mr. Harvil and Mr. Leonard to respond to the grievances. On July 12, 2018, Mr. Fultz filed a sixth grievance, marking it as an emergency grievance. It was returned because the issue had been ostensibly addressed. On July 23, 2018, he filed his seventh, eighth, and ninth grievances by giving them to Mr. Salyer. Mr. Harvil did not respond to these grievances. Mr. Fultz talked to Salyer again about his need for dental care between July 23, 2018, and July 26, 2018.

On July 27, 2018 - 94 days after his tooth broke – Mr. Fultz was finally seen by Dr. Pearcy. Dr. Pearcy indicated that the tooth needed to be pulled. Pulling the tooth resolved Mr. Fultz's pain.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need

was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Mr. Fultz has named Dr. Pearcy as a defendant, but it is not entirely clear why he is suing Dr. Pearcy. When Dr. Pearcy saw Mr. Fultz, he removed his tooth and Mr. Fultz's pain was resolved. He is not complaining about the quality of care that Dr. Pearcy delivered. To the extent that he is complaining about the delay in seeing him, it is unclear that Dr. Pearcy had anything to do with that. While Mr. Fultz filed numerous requests for healthcare and grievances, he does not allege that Dr. Pearcy played any role in responding to those requests. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Because Mr. Fultz has not alleged that Dr. Pearcy caused the delay in treatment, Mr. Fultz cannot proceed against him.

4

Mr. Fultz has also sued Mr. Cambe, Mr. Harvill, and Mr. Leonard. To the extent that he is suing them for their role in processing his grievances, he cannot state a claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). However, Mr. Fultz has alleged that he filed numerous grievances, and it can be plausibly inferred from a review of these grievances that Mr. Cambe, Mr. Harvill, and Mr. Leonard were aware that Mr. Fultz was alleging that he was suffering great pain, that considerably time had passed, and that he had not yet received so much as an initial assessment by a member of the medical staff.

> [I]f a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Arnett*, 658 F.3d at 755 (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir.2004)). However, where non-medical prison officials receive communications that are sufficient in their "content and manner of transmission" to give those officials "notice to alert him or her to an excessive risk to inmate health or safety[,]" then there is a duty to take some action. *Arnett*, 658 F.3d at 755 (internal quotation marks and citation omitted). Here, the communications received by Mr. Cambe, Mr. Harvill, and Mr. Leonard are sufficient to permit an inference that they were aware that he had received no medical care

5

whatsoever for a painful condition despite the passing of a considerable amount of time. Thus, Mr. Fultz may proceed against Mr. Cambe, Mr. Harvill, and Mr. Leonard for deliberate indifference to his serious medical condition.

Mr. Fultz has named Mr. Salyer and Captain Smiley as defendants too. But, Mr. Fultz first addressed his concern with these defendants on July 12, 2018. They agreed to find out what was taking so long and to request that Mr. Harvill and Mr. Leonard respond to his grievances. And, Mr. Fultz talked with Mr. Salyer about his need for dental care a second time between July 23, 2018, and July 26, 2018. He received care shortly thereafter on July 27, 2018. In cannot be plausibly inferred from these facts that either Mr. Salyer or Captain Smiley were deliberately indifferent to his suffering. On the contrary, they seemed willing to be of assistance and may have played a role in him ultimately receiving medical care on July 27, 2018.

Mr. Fultz has named Health Service Administrator Deangela Lewis as a defendant too, but his complaint does not include any allegations regarding her conduct. As already noted, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Therefore, Mr. Fultz may not proceed against Deangela Lewis.

Mr. Fultz includes several Jane or John Doe defendants in the complaint too: a dental assistant, and the individuals that were responsible for processing healthcare requests and scheduling appointments. Mr. Fultz cannot proceed against unknown defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not

6

open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Mr. Fultz has also sued Wexford of Indiana, LLC. He alleges that Wexford violated his rights "through its policy, practice, custom, or procedure, or failure to train, or supervise its employees." There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.").While Mr. Fultz makes vague suggestions that his rights were violated due to a corporate policy or custom, the facts of the complaint do not support this claim. Rather, the facts suggest that he is suing Wexford because of the poor decisions that its staff allegedly made in connection with his care. This is not a basis for permitting Mr. Fultz to proceed against Wexford.

Mr. Fultz has named the Indiana Department of Correction as a defendant. But, State agencies such as the IDOC are immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to the Eleventh Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Thus, he cannot proceed against the IDOC.

In addition to his federal claims, Mr. Fultz asserts various state law claims: negligence, medical malpractice, and intentional inflection of emotional distress. Mr. Fultz cannot proceed on a state law claim for negligence because, if the defendants'

actions were merely negligent, they would have been acting within the scope of their employment. "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014).

Hee cannot proceed on a state law claim for medical malpractice because he did not first present the proposed complaint to the medical review panel and receive an opinion from the panel. *See* Ind. Code § 34-18-8-4; *Terry v. Community Health Network*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014); *Hines v. Elkhart Gen. Hosp.*, 603 F.2d 646, 647 (7th Cir. 1979).

As for intentional infliction of emotional distress as an independent tort under Indiana law, this requires that the defendant (1) engage in extreme and outrageous conduct (2) that intentionally or recklessly (3) causes (4) severe emotional distress to another. *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011). The requirements to prove this tort are rigorous, and it is found only when the conduct "exceeds all bounds typically tolerated by a decent society and causes mental distress of a very serious kind." *Id.* The allegations suffice to proceed with this claim against the remaining defendants.

Mr. Fultz is not proceeding *in forma pauperis*. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is Mr. Fultz's obligation to serve Mr. Cambe, Mr. D. Leonard, and John R. Harvil. If Mr. Fultz desires the assistance of the United States Marshals Service, he may contact them directly to make appropriate arrangements.

For these reasons, the court:

(1) GRANTS Michael Fultz leave to proceed against Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard in their individual capacities for nominal, compensatory, and punitive damages for taking no action to assist in obtaining necessary dental care for Mr. Fultz despite knowledge that he was suffering from serious dental pain and had not yet been evaluated by any medical staff, in violation of the Eighth Amendment, and for the alleged intentional infliction of emotional distress claim;

(2) DISMISSES all other claims;

(3) DISMISSES Dentist Jeff Pearcy, Health Service Administrator DeAngela Lewis, Unit Team Manager John L. Salyer, Correctional Officer Captain Smiley, Dental Assistant John Doe, Jane/John Doe #1, Jane/John Doe #2, Wexford of Indiana, LLC, and the State of Indiana;

(4) DIRECTS Michael Fultz to make arrangements to serve Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 1, 2021                                         *s/ Damon R. Leichty*
                                                      Judge, United States District Court