UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE FULTZ,

    Plaintiff,

v.

T. CAMBE *et al.*,

    Defendants.

CAUSE NO. 3:20-CV-259 DRL-MGG

OPINION AND ORDER

Michael Lee Fultz, a prisoner without a lawyer, was granted leave to proceed against Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard in their individual capacities for nominal, compensatory, and punitive damages for taking no action to assist in obtaining necessary dental care for Mr. Fultz, despite knowing he was suffering from serious dental pain and had not yet been evaluated by any medical staff, in violation of the Eighth Amendment. He was also granted leave to proceed on a claim for alleged intentional infliction of emotional distress under Indiana law.

Defendant John R. Harvil filed a motion to reconsider the screening order, which Troy Cambe and David Leonard joined. ECF 19; ECF 24. Mr. Fultz was provided with an opportunity to respond (ECF 22), but no response was filed.

The defendants argue that the court erred in allowing Mr. Fultz to proceed on the state law claim for intentional infliction of emotional distress because it is barred by the Indiana Tort Claims Act (ITCA). *See* Ind. Code § 34-13-3-5(b) "Under the Indiana Tort

Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment.") "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F. Supp.3d 1018, 1033 (Ind. N. D. 2014) (quotations and citations omitted).

Here, Mr. Fultz alleges that the defendants were involved in reviewing his multiple grievances regarding his need for dental care. The defendants allegedly did nothing, though they were aware that Mr. Fultz was suffering from pain, that considerable time had passed, and that he had not yet received so much as an initial assessment by a member of the medical staff. Upon further review, Mr. Fultz's complaint appears to concede that the defendants were acting within the scope of their employment. ECF 1 at 10-11 ("Defendant State is liable for the torts of their employees who were acting within the scope of employment."). Additionally, Mr. Fultz did not respond to the defendants' assertion of immunity. Accordingly, the court concludes that, in responding to the information contained in Mr. Fultz's grievances, the defendants were acting within the scope of their employment, even if they did so with improper motives. Therefore, the motion for reconsideration will be granted, and the screening order will be amended to remove Mr. Fultz's claim based on intentional infliction of emotional distress.

Though Mr. Fultz will not be permitted to proceed on the independent state law claim for intentional infliction of emotional distress, the claim added little to his case, and its dismissal likewise has little impact on the case. Damages for emotional distress remain available to Mr. Fultz on his Eighth Amendment claim with or without a separate state law.

For this reason, the court:

(1) GRANTS the motion to reconsider the screening order (ECF 19);

(2) AMENDS the screening order (ECF 9) to reflect that Mr. Fultz is proceeding only against Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard in their individual capacities for nominal, compensatory, and punitive damages for taking no action to assist in obtaining necessary dental care for Mr. Fultz despite knowledge that he was suffering from serious dental pain and had not yet been evaluated by any medical staff, in violation of the Eighth Amendment.

SO ORDERED.

October 29, 2021    *s/ Damon R. Leichty*
                    Judge, United States District Court