UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL LEE FULTZ,

    Plaintiff,

v.                                           CAUSE NO. 3:20-CV-259-DRL-MGG

T. CAMBE *et al.*,

    Defendants.

## OPINION AND ORDER

Michael Lee Fultz, a prisoner without a lawyer, is proceeding in this case "against Grievance Specialist Mr. T. Cambe, Grievance Specialist John R. Harvil, and Administrative Assistant Mr. D. Leonard in their individual capacities for nominal, compensatory, and punitive damages for taking no action to assist in obtaining necessary dental care for Mr. Fultz despite knowledge that he was suffering from serious dental pain and had not yet been evaluated by any medical staff, in violation of the Eighth Amendment." ECF 25 at 3. The defendants filed a motion for summary judgment, arguing Mr. Fultz did not exhaust his administrative remedies before filing suit. ECF 34. Mr. Fultz filed a response, and the defendants filed a reply. ECF 37, 38. Mr. Fultz then filed an unauthorized surreply, which the defendants have moved to strike. ECF 39, 40.[1] The defendants' summary judgment motion is now fully briefed and ripe for ruling.

---

[1] The court has reviewed the contents of Mr. Fultz's surreply and concludes it does nothing to alter the outcome of this case. Therefore, the defendants' motion to strike the surreply will be denied as moot.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of

2

what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In their summary judgment motion, the defendants argue Mr. Fultz did not exhaust his administrative remedies prior to filing this lawsuit because he "never successfully appealed his only properly submitted grievance and his other grievance attempts did not comply with the offender grievance process." ECF 35 at 9-10. Specifically, the defendants provide evidence showing the following: On May 8, 2018, Mr. Fultz submitted Grievance 102189, complaining he had received no response to his healthcare requests regarding his broken tooth and requesting as relief that he be scheduled to see a dentist. ECF 34-1 at 5; ECF 34-4. On May 11, 2018, the grievance office responded to Grievance 102189, stating Mr. Fultz's healthcare request had been received by the dental office and he was being scheduled for a dental appointment. ECF 34-1 at 5; ECF 34-5 at 1. Mr. Fultz was satisfied with that response and did not appeal at that time. ECF 34-1 at 5; ECF 34-6. On June 24, 2018, Mr. Fultz submitted another grievance, complaining he still had not seen a dentist or received any treatment for his broken tooth. ECF 34-1 at 5-6; ECF 34-7. On June 27, 2018, the grievance office rejected this grievance as duplicative of Grievance 102189. ECF 34-1 at 6; ECF 34-8. That same day, Mr. Fultz

3

attempted to appeal the grievance office's response to Grievance 102189, asserting he was initially satisfied with the grievance office's response but was no longer satisfied because he was still waiting to see a dentist. ECF 34-6. The grievance office rejected this appeal as untimely. ECF 34-1 at 5. On July 4, 2018, Mr. Fultz submitted a grievance seeking permission to appeal the grievance office's response to Grievance 102189, asserting he still had not seen a dentist for his broken tooth. ECF 34-10. The grievance office rejected this grievance for failing to include evidence of an attempt at informal resolution. ECF 34-12. On July 12, 2018, Mr. Fultz submitted another grievance requesting to see a dentist for his broken tooth and asserting his treatment was being unnecessarily delayed. ECF 34-13. The grievance office again rejected this grievance as duplicative of Grievance 102189. ECF 34-14.

Mr. Fultz argues he fully exhausted Grievance 102189 because he was initially satisfied with the grievance office's favorable response, so the offender grievance process did not require him to appeal that response. ECF 37 at 3-5. He argues he only became unsatisfied with the grievance office's response after he realized he would not receive the relief he had been promised. *Id.* In their reply, the defendants do not dispute Mr. Fultz fully exhausted Grievance 102189. ECF 38 at 1-2. The court thus accepts that as undisputed. Instead, the defendants argue Mr. Fultz cannot rely on Grievance 102189 to exhaust his claim against the defendants because Grievance 102189 was brought against the medical staff and did not mention the defendants. *Id.*

It is true that Grievance 102189 complained of the failure of the medical staff, and not the defendants, to provide Mr. Fultz medical care for his broken tooth. But the Indiana

4

Department of Correction's grievance policy does not require that a grievance specifically name each defendant. The policy only requires each grievance meet the following standards:

>   1.  Each part of the form shall be completed;
>   2.  It shall be written legibly;
>   3.  It shall avoid the use of legal terminology;
>   4.  It shall raise the same issue that the offender raised in trying to get the informal resolution and document the attempts at informal resolution;
>   5.  It shall relate to only one event or issue;
>   6.  It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical, language, or other problem;
>   7.  It shall explain how the situation or incident affects the offender; and,
>   8.  The offender shall suggest appropriate relief or remedy.

ECF 34-2 at 9. Grievance 102189 meets each of these requirements. Thus, the fact that Mr. Fultz did not specifically name any of the defendants in Grievance 102189 is not a basis for finding he did not exhaust. Moreover, it is undisputed Mr. Fultz attempted to submit additional grievances relevant to his claim against the defendants after he submitted Grievance 102189, and the grievance office rejected these grievances as duplicative of Grievance 102189. ECF 34-7, 34-13. If, as the defendants argue, Grievance 102189 was not sufficiently related to Mr. Fultz's claim against the defendants, then the grievance office made the grievance process unavailable to Mr. Fultz by improperly rejecting his additional grievances as duplicative of Grievance 102189. Thus, the undisputed facts show that Mr. Fultz either exhausted his administrative remedies, or his administrative

5

remedies were made unavailable to him. Either way, the defendants have not met their burden to show failure to exhaust.

For these reasons, the court DENIES the defendants' summary judgment motion (ECF 34) and DENIES AS MOOT the defendants' motion to strike Mr. Fultz's surreply (ECF 40).

SO ORDERED.

May 3, 2022                                                                 *s/ Damon R. Leichty*
                                                                            Judge, United States District Court